**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MITCHELL E. TRIVITT,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-05-0691 |
| | : | |
| v. | : | **(Judge Vanaskie)** |
| | : | |
| **EDWARD KLEM, Superintendent,** *et al.*,[1] | : | |
| | : | |
| Respondents. | : | |

**M E M O R A N D U M**

**I.   Introduction**

Petitioner, Mitchell E. Trivitt, an inmate at the Mahanoy State Correctional Institution in Frackville, Pennsylvania, commenced the present action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that the Pennsylvania Board of Probation and Parole ("PBPP"): (1) retroactively applied new requirements for participation in a sex offender program to secure parole, under 42 Pa. C.S.A.. § 9718.1, in contravention of the Ex Post Facto Clause of the United States Constitution; and (2) required Petitioner to acknowledge sex offenses in violation of his Fifth Amendment right against self-incrimination,

---

[1] Although Petitioner names several Respondents in his petition, the proper Respondent in this action would be the "warden [or superintendent] of the facility where the prisoner is being held, not . . . some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

applicable to the states through the Fourteenth Amendment.  Respondents argue that Petitioner's Ex Post Facto claim should be dismissed for failure to exhaust state court remedies and Petitioner's compulsory incrimination claim is without merit.  The parties have briefed the issues, and the matter is ripe for disposition.  Having carefully considered the parties' contentions, I will deny the petition.

**II.     Background**

In 1994, Petitioner was arrested and charged with sexually assaulting his 15-year-old step daughter over a five-year period.  In November of 1995, Petitioner was convicted of the charges of rape, statutory rape, and involuntary deviate sexual intercourse.  He was sentenced to a term of imprisonment of five and a half to eleven years on December 12, 1995.

The Pennsylvania Department of Corrections ("DOC") calculated Petitioner's sentence to a minimum expiration date of November 21, 2003, and a maximum expiration date of May 21, 2009.  (Dkt. Entry 1, Ex. A.)  Based upon the nature of the offenses, Petitioner's prescriptive institutional programming included participation in and completion of a sex offenders program.  (Ex. D.)

On August 29, 2003, after review of his file and an interview, Petitioner was considered for and denied parole. The reasons for the denial of parole, expressed in the PBPP Notice of Decision, were:

>    1) [Petitioner's] refusal to accept responsibility for the offense(s) committed;
>
>    2) [Petitioner's] need to participate in and complete additional institutional programs; and
>
>    3) [Petitioner's] interview with the hearing examiner and/or Board member.

(Dkt. Entry 1, Ex. B at 1.)  The PBPP notified Petitioner that at its next review it would consider whether Petitioner had participated in the sex offenders program, maintained a favorable recommendation from the DOC, maintained a clear conduct record, and completed the DOC prescriptive programs.  (Id. at 1-2.)

Petitioner was again considered for and denied parole on September 21, 2004.  In its Notice of Decision, the PBPP set forth the following reasons for its decision:

>    1) The recommendation of the DOC;
>
>    2) Petitioner's unacceptable compliance with prescribed institutional programs; and
>
>    3) Petitioner's interview with the hearing examiner and/or Board member.

(Dkt. Entry 1, Ex. C at 1.)  The PBPP notified Petitioner that he would remain imprisoned until his maximum release date of May 21, 2009, unless recommended for earlier review by the DOC or prison staff due to appropriate adjustment and program completion.  (Id.)  The PBPP noted that, at its next interview, it would review his file and consider whether he had completed

the sex offenders program, received a favorable recommendation from the DOC, maintained a clear conduct record, and completed the DOC prescriptive programs. (Id.)

On October 18, 2004, Petitioner filed an administrative appeal of the parole denial, and the appeal was dismissed as premature. Thereafter, on or about December 13, 2004, Petitioner filed a Petition for Writ of Mandamus with the Commonwealth Court of Pennsylvania, challenging the parole denials. By Order dated March 1, 2004, the Commonwealth Court dismissed the mandamus petition. Petitioner did not appeal the decision to the Pennsylvania Supreme Court. The instant proceeding ensued.

**III.   Discussion**

**A.  Exhaustion of State Court Remedies as to the Ex Post Facto Claim**

Respondents claim that Petitioner has failed to exhaust his state court remedies as to the ex post facto issue. Petitioner filed the present petition pursuant to 28 U.S.C. § 2254. Under § 2254(b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court ***shall not be granted*** unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State." (emphasis added). "An applicant shall not be deemed to have exhausted the remedies available in the court of the State, within the meaning of this section, if he has the right under

the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. Picard v. Connor, 404 U.S. 270, 275 (1971). Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). It is well-settled that a state prisoner must present his federal constitutional issues to the highest court of the state before he can present the issues through federal habeas corpus. 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-20 (1982); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996). The exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991).

Applying these legal principles to the instant matter, the Court concludes that Petitioner has failed to exhaust his ex post facto claim. Petitioner was permitted to raise his ex post facto challenge to parole denial through a mandamus petition, DeFoy v. McCullough, 393 F.3d 439,

445 (3d Cir. 2005), and Petitioner filed such a petition.  Petitioner, however, failed to appeal the Commonwealth Court's dismissal of his mandamus action.

Petitioner argues that he has exhausted state court remedies, notwithstanding the failure to appeal to the Pennsylvania Supreme Court, citing the rule established in In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) (per curiam) ("Order 218").
Order 218 states that litigants shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error.  Id.  Order 218, however, applies only to discretionary appeals to the Pennsylvania Supreme Court, and not to appeals of right.  In this matter, Petitioner had a right of direct review by the Commonwealth's highest court.  See Pa. R. App. P. 1101 (relating to appeals of right from cases of original jurisdiction in Commonwealth Court).  In other words, he was not relegated to invoking the discretion of the Supreme Court of Pennsylvania to consider his ex post facto claim.  Thus, Petitioner has not fairly presented his ex post facto claim to the state courts.

If Petitioner could still present his unexhausted claim to the state court, the instant petition would be dismissed without prejudice so that he could pursue this claim through the

Pennsylvania Supreme Court.  The time for filing an appeal to the Pennsylvania Supreme Court, however, has expired.  See Pa. R. App. P. 903(a).

The apparent absence of an available state court remedy does not necessarily open the doors to the federal courts under the circumstances presented here.  As explained by the Third Circuit Court of Appeals:

> "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' 28 U.S.C. § 2254(b).  In such cases, however, applicants are considered to have procedurally defaulted their claims, and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default."

McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999) (internal citations omitted); see also, Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001).

Petitioner has not alleged cause or prejudice, nor has he demonstrated that a lack of review by the Court will constitute a fundamental miscarriage of justice in regard to his ex post facto claim.  In this regard, it is noteworthy that his eligibility for parole consideration has not been adversely affected by 42 Pa. C.S.A.. § 9718.1.  Petitioner has been considered for parole, and the PBPP properly may consider his completion of appropriate programs, including sex offender programs, in determining whether to release him.  See Shaffer v. Meyers, 338 F.

Supp. 2d 562, 566 (M.D. Pa. 2004), aff'd, 163 Fed. Appx. 111, 113-14 (3d Cir. 2006)(per curiam). Consequently, Petitioner is precluded from pursuing federal habeas corpus relief in regard to this issue.

### B. Compulsory Incrimination Claim

Petitioner challenges the requirement that he participate in a sex offenders' treatment program, which he claims includes a requirement that he admit guilt for his rape conviction. He contends that such a requirement violates his Fifth Amendment right against self-incrimination and is violative of his right to challenge his conviction for the sexual assault offenses. The Fifth Amendment, made applicable to the States by the Fourteenth Amendment, provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. It has been held that this right "does not terminate at the jailhouse door, but the fact of a valid conviction and the ensuing restrictions on liberty are essential to the Fifth Amendment analysis." McKune v. Lile, 536 U.S. 24, 36 (2002).

In McKune, an inmate filed a § 1983 action alleging that his failure to participate in a mandatory prison sex offender program, which resulted in the withdrawal of certain privileges, violated the Fifth Amendment privilege against self incrimination. The Supreme Court found that the "consequences in question here -- transfer to another prison cell where television sets are not placed in each inmate's cell, where exercise facilities are not readily available, and

where work and wage opportunities are more limited -- are not ones that compel a prisoner to speak about his past crimes despite a desire to remain silent." Id.  In reaching this conclusion, the Court applied the standard used for due process violations in the prison context found in Sandin v. Conner, 515 U.S. 472, 484 (1995), and found that "[a] prison clinical rehabilitation program, which is acknowledged to bear a rational relation to a legitimate penological objective, does not violate the privilege against self-incrimination if the adverse consequences an inmate faces for not participating are related to the program objectives and do not constitute atypical and significant hardships in relation to the ordinary incidents of life." McKune, 536 U.S. 37-38. The Court in McKune, however, did not address the question of whether the consequence of parole denial based upon an inmate's failure to participate in a sex offender treatment program violated the Fifth Amendment.

   Several circuit courts, however, have addressed this issue and found that sex offender treatment programs which require inmates to divulge their sexual histories do not violate the Fifth Amendment even though the failure to participate in the programs placed parole at stake. See Gwinn v. Awmiller, 354 F.3d 1211, 1227 n.9 (10th Cir. 2004); Ainsworth v. Stanley, 317 F.3d 1, 5 (1st Cir. 2002).  Moreover, in Thorpe v. Grillo, 80 Fed. Appx. 215 (3d Cir. 2003),  the Third Circuit rejected a Fifth Amendment self-incrimination challenge by a prisoner who refused to participate in a DOC sex offender program required in order to obtain the prison's

9

recommendation for parole. The prisoner refused to participate because the program required him to admit that he had committed the sex crime for which he was incarcerated. As a result of his refusal, he was denied parole. In affirming the district court's grant of summary judgment in favor of the defendants, the Third Circuit found that no Fifth Amendment self-incrimination violation occurred because the inmate was not automatically denied consideration for parole or forced to incriminate himself at trial, and no additional punishment was imposed for maintaining his innocence. Thorpe, 80 Fed. Appx. at 218-20; see also Perry v. Vaughn, No. Civ. A. 04-0934, 2005 WL 736633 at *10 (E.D. Pa. March 31, 2005).

While non-precedential, Thorpe, as well as the other circuit court cases cited above, are persuasive. It is well-established that "[t]here is no constitutional right or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). While "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," Sandin, 515 U.S. at 483-84, the Pennsylvania Supreme Court has held that a denial of parole does not implicate a constitutionally protected liberty interest, as parole is a discretionary matter, available to a prisoner who has demonstrated the ability to function in society as a law-abiding citizen. See Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287 (Pa. 2001); Rogers v. Pa. Bd. of Prob. & Parole, 555 Pa. 285, 724 A.2d 319 (Pa. 1999).

10

Petitioner's failure to admit guilt does not preclude his <u>consideration</u> for parole.  The record discloses that he has been considered for parole on several occasions.  The record also indicates that the PBPP has discretion to release him notwithstanding his failure to complete a sex offender's program.  That the PBPP has exercised discretion to require completion of the prescriptive program does not mean that Petitioner has been subjected to more severe punishment than that imposed by the sentencing court.  The date when he has an absolute entitlement to release remains unchanged.  Moreover, completion of a sex offender treatment program was only one of several factors considered by the PBPP in making its parole determination.  and whether he

## III.   Conclusion

Since Petitioner has procedurally defaulted his ex post facto challenge to his parole proceedings, the Court will not address the merits of this claim.  Moreover, refusal to acknowledge guilt as a condition of parole does not violate the privilege against compulsory incrimination because Petitioner remained eligible for parole consideration.  Thus, Petitioner is not entitled to habeas relief.  An appropriate order will issue.

                 **s/ Thomas I. Vanaskie**
                 Thomas I. Vanaskie
                 United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MITCHELL E. TRIVITT,** | : | |
| | : | |
| Petitioner, | : | **CIVIL NO. 3:CV-05-0691** |
| | : | |
| v. | : | **(Judge Vanaskie)** |
| | : | |
| **EDWARD KLEM**, Superintendent, *et al.,* | : | |
| | : | |
| Respondents. | : | |

## O R D E R

**AND NOW**, **THEREFORE, THIS 21st DAY OF DECEMBER, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2) The Clerk of Court is directed to close this case.

3) There is no basis for issuance of a certificate of appealability.

                                                **s/ Thomas I. Vanaskie**
                                                Thomas I. Vanaskie
                                                United States District Judge